IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| THOMAS REHKOPF, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO. |
| | ) | |
| TECHTRONIC INDUSTRIES | ) | **1:22** |
| FACTORY OUTLETS, INC.,** | ) | |
| | ) | |
|    Defendant. | ) | |

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant Techtronic Industries Factory Outlets, Inc. ("TTIFO"), hereby removes this action from the State Court of Gwinnett County, State of Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division. This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because complete diversity of citizenship exists and the amount in controversy exceeds $75,000, exclusive of interest and costs. As further grounds for removal, TTIFO shows the Court:[1]

---

[1] TTIFO attaches as **Exhibit A** to this Notice of Removal the docket sheet of the state court action and a copy of all process, pleadings, and orders served on it in the state court action.

## I.   FACTUAL AND PROCEDURAL BACKGROUND.

1.     On May 26, 2022, Thomas Rehkopf filed his Original Complaint for Damages in the State Court of Gwinnett County, State of Georgia. *See* **Ex. A-1**.

2.     Gwinnett County, Georgia, is within the Atlanta Division of the United States District Court for the Northern District of Georgia.

3.     Plaintiff alleges that, on October 5, 2020, a residential fire at 270 Lakemont Drive, Roswell, Georgia 30075, was caused by alleged defects in a Ryobi-brand 40-volt lithium-ion battery pack. *See generally* Pl. Compl., **Ex. A-1**. Plaintiff alleges that the subject battery pack was designed, manufactured, distributed and sold by TTIFO. *See id.*[2]

4.     Plaintiff asserts claims sounding in: (1) negligence; (2) breach of express and implied warranties; and, (3) strict liability. *See generally id*. Plaintiff further seeks recovery of attorney's fees and expenses under O.C.G.A. § 13-6-11. *See id*., ¶¶ 17-21.

---

[2] As set forth in TTIFO's Answer to Plaintiff's Complaint for Damages, TTIFO denies that it is a proper party defendant to this lawsuit and denies that it is liable for the alleged conduct and damages made the basis of Plaintiff's Complaint for Damages. TTIFO states that TTI Consumer Power Tools, Inc. (f/k/a One World Technologies, Inc.) designed, manufactured (in part), and distributed the subject Ryobi-brand 40-volt lithium-ion battery pack at issue in this case. Thus, TTI Consumer Power Tools, Inc., is the proper defendant to answer Plaintiff's claims and allegations in this action. TTIFO played no role in the design, manufacture, distribution, or sale of the subject battery pack. TTIFO is a wholly-owned subsidiary of Techtronic Industries North America, Inc., which wholly-owns TTI Consumer Power Tools, Inc.

5.    Plaintiff alleges that he "sustained property damages in excess of $376,790.14" as a result of the subject fire. *Id.* ¶ 6

6.    TTIFO was served with Plaintiff's Complaint for Damages on June 3, 2022. *See* Summons, **Ex. A-2.** This Notice of Removal is thus timely filed under 28 U.S.C. § 1446(b) [3] and brought by all defendants that have been properly joined and served.

7.    Under 28 U.S.C. § 1446(d), a copy of this Notice of Removal, along with a Notice of Filing of Notice of Removal, is being filed contemporaneously in State Court for Gwinnett County, State of Georgia, and served on counsel for all parties.

## II.    THIS COURT HAS SUBJECT-MATTER JURISDICTION UNDER 28 U.S.C. § 1332.

8.    This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff

---

[3] TTIFO's removal of this case is timely by operation of Fed. R. Civ. P. 6(a)(1)(C). Under Rule 6, when the last day for making a filing falls on a Saturday, Sunday, or legal holiday, the time period "continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." *Id.* TTIFO's deadline to remove this case on fell on Sunday, July 3, 2022, and Monday, July 4, 2022, was Independence Day, a legal public holiday that occurs on July 4th every year. *See* 5 U.S.C. § 6103(a).

and TTIFO, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### A.   Complete Diversity Exists Between Plaintiff & Removing Defendant.

9.     Upon information and belief, Plaintiff is a resident citizen of Georgia.

10.    TTIFO is a Delaware corporation with its principal place of business in South Carolina. Thus, TTIFO is considered a citizen of both Delaware and South Carolina (both at the time of filing Plaintiff's Complaint for Damages and as of this Removal). TTIFO is not a citizen of Georgia.

11.    Thus, this action involves "citizens of different states" in accordance with 28 U.S.C. § 1332(a)(1).  Because there is complete diversity between all parties properly joined and served at this time, removal is proper. *See* 28 U.S.C. §§ 1332(a)(1), 1332(c)(1), and 1441(b)(2).

### B.   The Amount in Controversy Exceeds $75,000, Exclusive of Interest and Costs.

12.    Under 28 U.S.C. § 1446(a), a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 811 (2014). This allegation can stem from "a pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has

become removeable." 28 U.S.C. § 1446(b). The amount in controversy is easily met here because Plaintiff's Complaint for Damages explicitly seeks damages "in excess of $376,790.14." *See* Pl. Compl., ¶ 6, **Ex. A-1**.

13.    Because there is complete diversity of citizenship between all properly joined and served parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, this Court has subject matter jurisdiction.

14.    By filing this Notice, TTIFO does not waive any of their defenses, including, but not limited to any defenses under Rule 12 of the Federal Rules of Civil Procedure.

15.    All conditions and procedures for removal have been satisfied.

16.    TTIFO reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant Techtronic Industries Factory Outlets, Inc., hereby removes this action to the United States District Court for the Northern District of Georgia, Atlanta Division, for trial and determination of all issues.

Respectfully submitted this 5th day of July 2022,

*/s/ Amaobi J. Enyinnia*
One of the Attorneys for Defendant
Techtronic Industries Factory Outlets,
Inc.

<u>OF COUNSEL</u>:
Amaobi J. Enyinnia (Ga. Bar No. 327957)
*aenyinnia@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE, LLC
The Clark Building
400 20th Street North
Birmingham, Alabama 35203
(205) 581-0700
(205) 581-0799 (fax)

## **FONT CERTIFICATION**

Pursuant to LR 5:1(c), I hereby certify that I prepared this document in 14-point Times New Roman font and complied with the margin and type requirements of this Court.

LIGHTFOOT, FRANKLIN & WHITE, LLC

*/s/Amaobi J. Enyinnia*
Amaobi J. Enyinnia

The Clark Building
400 20th Street North
Birmingham, AL 35203
(205) 581-0700
(205) 581-0799 (fax)

*Counsel for Defendant Techtronic Industries Factory Outlets, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of July 2022, I served a true and correct copy of the foregoing by United States Mail, postage prepaid and properly addressed to the following:

Eric D. Miller, Esq.
Miller Insurance Law Enterprise
115 Perimeter Center Place
South Terraces, Suite 430
Atlanta, Georgia 30346
(404) 923-7599
*emiller@mileatlanta.com*

Alternatively, should an agreement exist, I have provided a copy of same by electronic mail.

LIGHTFOOT, FRANKLIN & WHITE, LLC

/s/Amaobi J. Enyinnia
Amaobi J. Enyinnia
Georgia Bar No. 916728

The Clark Building
400 20th Street North
Birmingham, AL 35203
(205) 581-0700
(205) 581-0799 (fax)

*Counsel for Defendant Techtronic Industries Factory Outlets, Inc.*